UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LOGISTICS, INC., | ) |
|     Plaintiff/Consolidated Defendant, | ) ) ) ) |
| | ) Case No. 25-CV-119-CDL |
| | ) BASE FILE |
| v. | ) ) |
| NEW ENGLAND DESPERADO, LLP, | ) Consolidated with: ) Case No. 25-cv-00256-SH |
|     Defendant | ) ) |
| and | ) ) |
| RODNEY ROLLINS, | ) ) |
|     Consolidated Plaintiff. | ) |

**OPINION AND ORDER**

Before the Court is Defendant New England Desperado, LLP's Motion to Consolidate (Doc. 27), which seeks consolidation of this case with *Rodney Rollins v. Paul Logistics, Inc.*, Case No. 25-cv-256-SH, pursuant to Fed. R. Civ. P. 42(a).

**I.    Background**

Plaintiff, Paul Logistics, Inc., is a freight broker incorporated in Alabama, with its principal place of business in Tulsa, Oklahoma. Defendant New England Desperado LLP (NED) is a Connecticut limited liability partnership allegedly consisting of a sole partner, Rodney Rollins, and is a motor carrier within the meaning of Okla. Stat. sec. 47 § 230.23

and 49 U.S.C. § 14706. In November 2022, Plaintiff and Defendant executed a contract for the shipment of certain heavy commercial equipment. Defendant was to pick up the cargo in Jefferson, Georgia, and to deliver the equipment to two receivers in Massachusetts and Rhode Island.

Defendant picked up the cargo in Georgia by way of a tractor-trailer driven by Rollins. In the course of delivering the cargo to one of the intended recipients, the tractor-trailer sustained damage, which Defendant asserts was caused by trash in the receiver's yard. Defendant obtained and sent to Plaintiff an estimate for the repair of damage to Defendant's tractor-trailer. The parties dispute the facts surrounding their subsequent discussions about the responsibility and cost of repairing the damage, but the parties agree that Plaintiff did not pay Defendant for the damage.

Shortly thereafter, Defendant sold the cargo, claiming a carrier's lien. After Paul Logistics learned the cargo had been sold, an agent for Paul Logistics reported the events to the police in Jefferson, Georgia. Rollins alleges that he was subsequently arrested in Connecticut and extradited to Georgia based on an arrest warrant arising from Paul Logistics' false complaint. Rollins alleges that he was detained in a maximum-security detention facility in Georgia, for twelve days, during which he suffered emotional distress and physical harm, including from violence and intimidation by another detainee and the loss of income from work while detained. He alleges that the prosecutor later dismissed the charges, stating that the alleged complaining party (i.e., Paul Logistics) had failed to respond to attempts to communicate with it and that the case would be "more appropriately handled as a civil action." (Doc. 14 at 8).

The pending Motion to Consolidate involves two separate lawsuits stemming from these events. In May 2023, Rollins filed a complaint in federal district court in Connecticut against Paul Logistics and its unnamed agents. Rollins alleges that Paul Logistics, through its agents, published a false complaint about NED on FreightGuard, a website used by brokers in deciding whether to hire a carrier. Rollins asserts claims of defamation and interference with business expectation as a result of the alleged false review, alleging that Rollins's "interstate commercial trucking operation was interrupted" and his reputation and business operations were damaged due to the published review. (Case No. 25-cv-256-SH, Doc. 8 at 11-12).[1] Rollins further asserts claims of false imprisonment and intentional infliction of emotional distress (IIED) arising from the alleged false statements to law enforcement authorities. After a series of requests by both parties to extend motion briefing and other deadlines, in May 2025, District Judge Omar A. Williams granted Rollins' unopposed motion to transfer the case to this District. The transferred case is now captioned *Rollins v. Paul Logistics, Inc. et al.*, N.D. Okla. Case No. 4:25-cv-00256-SH.

In January 2025, approximately two years after the damage incident, Paul Logistics filed suit against NED in Tulsa County District Court, asserting claims for breach of contract, liability pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 370 et seq., conversion, and willful and malicious injury to property. NED removed the case to federal

---

[1] The Court may "take judicial notice of publicly-filed records in our court . . . concerning matters that bear directly upon the disposition of the case at hand. *United States v. Ahidley*, 486 F.3d 1184, 1192 (10th Cir. 2007) (citing *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979)).

court, and it is undisputed that jurisdiction and venue are proper in this Court as to the instant proceeding. The undersigned issued a Scheduling Order on April 9, 2025. However, after the Connecticut action was transferred to this District, NED filed the pending motion to consolidate the two cases. (Doc. 27).[2] Paul Logistics filed a response in opposition to consolidation. The Motion to Consolidate is properly before the undersigned Magistrate Judge and is ripe for determination.[3]

## II.    Legal Standards

The Court has authority to consolidate actions pursuant to Rule 42, which states:

> If actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3 Communications, Inc.,* No. 09–cv–200, 2009 WL 458682, at *1 (D. Colo. Feb. 24,

---

[2]    The Motion to Consolidate indicates that it was also purportedly filed by Rollins, although Rollins is not a named party in the instant case and has not sought leave to intervene. NED also filed Counterclaims, purportedly on behalf of itself and Rollins, which are similar if not identical to the claims asserted by Rollins in the transferred action.

[3]    Pursuant to LCvR 42-1, "[a] motion to consolidate shall be filed in the lowest numbered case included in the proposed consolidation, shall include a list identifying all cases pending that are related to the case, and shall be decided by the district judge to whom the lowest numbered case is assigned." The undersigned Magistrate Judge is designated to conduct all proceedings in the lower-numbered case, by consent of the parties and pursuant to Fed. R. Civ. P. 73 and LCvR73-1.

2009) (quotations and internal citations omitted) (unpublished).[4] The issue of consolidation is committed to the sound discretion of the trial court. *See Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711 (10th Cir. 1950); *Chimal v. Sledge,* No. 06–cv–02394, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007) (unpublished)). Rule 42 "should be prudently employed as a valuable and important tool of judicial administration, involved to expedite trial and eliminate unnecessary repetition and confusion.'" *Bendzak v. Midland Nat'l Life Ins. Co.,* 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir.1999)). However, "[c]onsolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998).

     Under the applicable Local Rules of this District, "[a]ny party may file a motion to consolidate two or more cases before a single judge if the party believes that such cases or matters: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason that would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." LCvR42-1.

---

[4]    Under 10th Cir. R. 32.1(A), "[u]npublished decisions are not precedential, but may be cited for their persuasive value."

**III.    Discussion**

NED argues that there are common questions of fact and law between the two cases at issue. The Court agrees. Both cases originate from the same contractual transaction between Paul Logistics and NED, beginning in November 2022. Although the cases at first glance involve distinct legal issues, the adjudication of Paul Logistics' claims in the present case could conceivably affect the rights of both parties in the transferred case. For example, the legal rights of the parties under the freight contract, a central issue in this case, relates to the truth or falsity of the allegedly defamatory statements made on FreightGuard. (*See* Doc. 14 at 4 (alleging that published statement indicated that Rollins and NEP "held load hostage in-transit agreement modification, theft or unjustified loss of freight, repeated pick up or delivery service failures, unethical or deceptive business practices.")). Common fact issues are also apparent in Rollins' allegation in the transferred case that Paul Logistics falsely accused Rollins of having "sold off the product for his own monetary gain knowingly converted said property to his/her own use in violation of such agreement (legal obligation)." (*See* Case No. 24-cv-00256-SH, Amended Complaint (Doc. 8) at 5).

Similarly, in the transferred action, Rollins asserts that, before the cargo at issue was sold, he took all necessary actions to perfect a carrier's lien and that a local police department in Connecticut determined that NED was legally entitled to sell the freight because neither Paul Logistics nor the receiver had paid for the damage to Rollins' truck during the attempted delivery. (*See* Case No. 24-cv-00256-SH, Amended Complaint (Doc. 8) at 3). The truth or falsity of any statements Paul Logistics made to police—a central issue in Rollins' false imprisonment and IIED claims—relates to the factual and legal

6

circumstances of the parties' prior conduct and their respective rights under the freight contract. Moreover, presumably, NED would seek to use any such evidence in defense of Paul Logistics' claim of willful and malicious injury to property in the instant case. Thus, the two cases involve common factual questions and are likely to involve at least some overlapping discovery, including witnesses on behalf of both parties and documentary evidence, including the contract between the parties.

Paul Logistics sets forth several arguments in opposition to consolidation. First, it argues that the Motion to Consolidate should be stricken because it was purportedly filed by Rollins, who is not a party to this action and has not properly sought to intervene. The Court notes that Rollins is not a party to the instant case and has not properly sought leave to intervene. However, the motion is properly before the Court as filed on behalf of NED, the Defendant in this case. Furthermore, "consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 450 (D.N.M. 2018); *see Hall v. Hall*, 584 U.S. 59, 76 (2018) (while courts may merge "one or many or all of the phases" of multiple actions, consolidation does not "deprive any party of any substantial rights which he may have possessed had the actions proceeded separately; "actions do not lose their separate identity because of consolidation.") (internal citations and quotation marks omitted). Thus, by consolidating cases the Court does not change the legal standing or identity of the parties to either case.

Paul Logistics disputes that common issues of fact or law exist, but it supports this argument largely with conclusions on the legal merits of various claims. (Doc. 30 at 4-5).

7

Such arguments are premature and are not relevant to the question of consolidation. As set forth above, consolidation is warranted because the two cases involve common questions of fact and/or law. Consolidation does not affect the rights of the parties in either case to seek summary adjudication on any claims at an appropriate stage.

Finally, Paul Logistics argues consolidation would not serve the interest of expediency/efficiency. It contends that "very little" discovery is needed in the instant case, and that consolidation would burden counsel with the discovery needs of the transferred case, which may entail documentary and witness evidence from several states, including health and law enforcement issues. (Doc. 30 at 5-6). However, the existence of disparate issues does not bar consolidation. *See* CHARLES A. WRIGHT, ARTHUR R. MILLER, ET AL., *Fed. Prac. & Proc.,* § 2384 (3d ed. 2008) ("[C]onsolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical considerations, as in other contexts of the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together.").

Here, both cases remain at a relatively early stage, and there is overlap between counsel for the parties in each case. In the transferred case, after both parties sought multiple delays and extension of motion briefing and other deadlines, pretrial deadlines were stayed pending resolution of Paul Logistics' motion to dismiss.[5] As Paul Logistics

---

[5] As the motion to dismiss (Case No. 24-cv-00256-SH, Doc. 18) was terminated without disposition, Paul Logistics may re-file its motion to dismiss for consideration in the consolidated case within 21 days of this Opinion and Order.

notes, it has not yet been required to answer Rollins' petition in the transferred case. (Doc. 30 at 2). In the instant case, the parties have moved for a stay of pretrial deadlines or extension of same pending the Court's ruling on the Motion to Consolidate. The Court finds consolidation will serve the interest of managing the consolidated cases expediently, and the Court may employ appropriate measures to ensure all parties' rights are preserved.

**IV.    Conclusion**

For the reasons set forth above, the Motion to Consolidate (Doc. 27) is **granted**. As noted above, the instant decision does not affect the right of any party to seek severance of claims, separate trials, or other separate relief, nor does it pre-determine whether any separation of claims for trial proceedings may be warranted. The Court will enter a separate order directing all parties to the consolidated case to prepare and submit a joint report addressing case management issues.

IT IS FURTHER ORDERED that:

1. Cases Nos. 25-cv-00119-CDL and 25-cv-00256-SH are consolidated in their entirety.

2. The Court Clerk is directed to reassign Case No. 25-cv-00256-SH to the undersigned as a related case.

3. Case No. 25-cv-00119-CDL is designated as the BASE FILE.

4. All further pleadings, motions and other documents shall be filed in the Base File only and shall bear both the title and designation of Case No. 25-cv-119 and Case No. 25-cv-00256. The words "Base File" shall be typed below Case No. 25-cv-00119 in the case number section of the case caption.

5. This Order shall be filed in both Case No. 25-cv-00119-CDL and Case No. 25-cv-00256-CDL.

IT IS SO ORDERED this 22nd day of September, 2025.

_____
Christine D. Little
United States Magistrate Judge